AO 241 (Rev. 5/85)

PETITION UNDER 28 USC § 2254 FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District Massachusetts | |
|---|---|---|
| Name Willie Green | Prisoner No. W66202 | Case No. 04 |

**Place of Confinement**

Massachusetts Correctional Institution at Shirley, Massachusetts

| Name of Petitioner (include name under which convicted) | Name of Respondent (authorized person having custody of petitioner) |
|---|---|
| Willie Green | V. Carol Meci, Acting Superintendent or Her Successor, Massachusetts Correctional Institution at Shirley, Massachusetts. |
| The Attorney General of the State of: Massachusetts | |

04CV10360JLT

**PETITION**   MAGISTRATE JUDGE Alexander

1. Name and location of court which entered the judgment of conviction under attack ~~Suffolk County~~ Superior Court, Boston, Massachusetts

2. Date of judgment of conviction   February 23, 1999

3. Length of sentence   Seven to Ten Years for Manslaughter
   Four to Five Years for Unlawful Possession of Firearm
   Conviction filed for Unlawful Possession of Ammunition

4. Nature of offense involved (all counts)
   Manslaughter, Unlawful Possession of Firearm, Unlawful Possession of Ammunition.
   NOTE: Only the Manslaughter Conviction is being challenged in this Petition.

5. What was your plea? (Check one)
   (a) Not guilty  ☒
   (b) Guilty  ☐
   (c) Nolo contendere  ☐
   If you entered a guilty plea to one count or indictment, and not a guilty plea to another count or indictment, give details:

6. If you pleaded not guilty, what kind of trial did you have? (Check one)
   (a) Jury  ☒
   (b) Judge only  ☐

7. Did you testify at the trial?
   Yes ☐   No ☒

8. Did you appeal from the judgment of conviction?
   Yes ☒   No ☐

(2)

AO 241 (Rev. 5/85)

9. If you did appeal, answer the following:

   (a) Name of court   Massachusetts Appeals Court   (Manslaughter Conviction)

   (b) Result   Manslaughter Conviction Affirmed

   (c) Date of result and citation, if known   July 5, 2002, modified April 10, 2003 reported at 55 Mass. Appeals Court Reporter at p. 376.

   (d) Grounds raised   (1) Failure to instruct on defense of another violated petitioner state and federal constitutional rights to due process and right to jury trial, in violation of 5th, 6th & 14th Amendments to U.S. Constitution, and (2) instructional error in supplemental jury instruction violated petitioner's rights to due process. See also Memo of Law filed herewith.

   (e) If you sought further review of the decision on appeal by a higher state court, please answer the following:

   (1) Name of court   Supreme Judicial Court of Massachusetts

   (2) Result   Denied Further Appellate Review

   (3) Date of result and citation, if known   June 26, 2003, 439 Mass. 1108 (2003)

   (4) Grounds raised   Same Grounds Raised as described in 9(d) above. See also Memorandum of Law filed herewith in support of this Petition.

   (f) If you filed a petition for certiorari in the United States Supreme Court, please answer the following with respect to each direct appeal:

   (1) Name of court _____

   (2) Result _____

   (3) Date of result and citation, if known _____

   (4) Grounds raised _____

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any court, state or federal?
    Yes ☐   No ☒

11. If your answer to 10 was "yes," give the following information:

    (a) (1) Name of court _____

    (2) Nature of proceeding _____

    (3) Grounds raised _____

(3)

AO 241 (Rev. 5/85)

_____

_____

_____

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐   No ☐

(5) Result _____

(6) Date of result _____

(b) As to any second petition, application or motion give the same information:

(1) Name of court _____

(2) Nature of proceeding _____

_____

(3) Grounds raised _____

_____

_____

_____

_____

_____

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐   No ☐

(5) Result _____

(6) Date of result _____

(c) Did you appeal to the highest state court having jurisdiction the result of action taken on any petition, application or motion?
(1) First petition, etc.       Yes ☐       No ☐
(2) Second petition, etc.   Yes ☐       No ☐

(d) If you did *not* appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

_____

_____

_____

12. State *concisely* every ground on which you claim that you are being held unlawfully. Summarize *briefly* the *facts* supporting each ground. If necessary, you may attach pages stating additional grounds and *facts* supporting the same.
   Caution: In order to proceed in the federal court, you must ordinarily first exhaust your available state court remedies as to each ground on which you request action by the federal court. If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds at a later date.

AO 241 (Rev. 5/85)

For your information, the following is a list of the most frequently raised grounds for relief in habeas corpus proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you may have other than those listed if you have exhausted you state court remedies with respect to them. However, *you should raise in this petition all available grounds* (relating to this conviction) on which you base your allegations that you are being held in custody unlawfully.

Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The petition will be returned to you if you merely check (a) through (j) or any one of these grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea.
(b) Conviction obtained by use of coerced confession.
(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.
(e) Conviction obtained by a violation of the privilege against self-incrimination.
(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
(g) Conviction obtained by a violation of the protection against double jeopardy.
(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.
(i) Denial of effective assistance of counsel.
(h) Denial of right of appeal.

A. Ground one: Conviction for manslaughter obtained in violation of Petitioner's federal constitutional due process rights to present a defense established by Massachusetts law, namely defense of another. See Memorandum of Law filed herewith at pp. 19-20

Supporting FACTS (state *briefly* without citing cases or law) Petitioner and friend were subjects of a gunfire attack by a third man. Petitioner defended himself and friend by returning fire with his own gun and killed the attacker. Trial court instructed the jury on self defense, but refused over defense objection to instruct the jury on defense of another. There was sufficient evidence which required the jury to be instructed on defense of another, and the Massachusetts Appeals Court agreed that such an instruction should have been given, but found the error to be harmless. See further factual details in the Memorandum of Law filed herewith, which is hereby incorporated by reference in its entirety.

B. Ground two: Conviction for manslaughter obtained in violation of Petitioner's federal constitutional due process rights which required the Commonwealth to prove his guilt beyond a reasonable doubt. The erroneous refusal to instruct on defense of another relieved the

Supporting FACTS (state *briefly* without citing cases or law) prosecution of its burden of having to prove his guilt beyond a reasonable doubt. See Memorandum of Law filed herewith at pp. 20-22.

The same facts that support Ground 1 above support this ground.

(5)

AO 241 (Rev. 5/85)

C.  Ground three: Conviction for manslaughter obtained in violation of Petitioner's federal constitutional rights to due process and his ~~jury trial rights to have the jury determine his guilt.~~
See Memorandum of Law filed herewith at pp. 22-23.
Supporting FACTS (state *briefly* without citing cases or law)

Same facts that support Ground 1 above support this ground.

D.  Ground four: State appellate court's incorrect and unreasonable harmless error analysis constituted a continuing violation of Petitioner's federal constitutional rights to due process and his right to have the jury and not the courts determine his guilt and Article VI
Supporting FACTS (state *briefly* without citing cases or law) duties of state courts to uphold the Federal Constitution.

Same facts that support Ground 1 above support this ground. Even after finding error and recognizing it was of federal constitutional dimension, the Massachusetts Appeals Court improperly weighed the evidence when it determined that the error was harmless.

13. If any of the grounds listed in 12A, B, C, and D were not previously presented in any other court, state or federal, state *briefly* what grounds were not so presented, and give your reasons for not presenting them:

14. Do you have any petition or appeal now pending in any court, either state or federal, as to the judgment under attack?
    Yes ☐    No ☒

15. Give the name and address, if known, of each attorney who represented you in the following stages of judgment attacked herein:

    (a)  At preliminary hearing

    (b)  At arraignment and plea  Robert Jubinville, 487 Adams Street, Milton, MA 02186

(6)

AO 241 (Rev. 5/85)

   (c) At trial    Robert Jubinville, 487 Adams Street, Milton, MA 02186

   (d) At sentencing    Robert Jubinville, 487 Adams Street, Milton, MA 02186

   (e) On appeal    Philip G. Cormier, Good & COrmier, 83 Atlantic Ave, Boston, MA 02110

   (f) In any post-conviction proceeding    N/A

   (g) On appeal from any adverse ruling in a post-conviction proceeding    _____

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and the same time?
   Yes ☒    No ☐

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
   Yes ☐    No ☒
   (a) If so, give name and location of court which imposed sentence to be served in the future: _____

   (b) Give date and length of the above sentence: _____

   (c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
   Yes ☐    No ☐

Wherefore, petitioner prays that the Court grant petitioner relief to which he may be entitled in this proceeding.

   _____
   Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

_2-22-04_
(date)

   _____
   Signature of Petitioner

(7)