FILED
IN CLERKS OFFICE

# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS 2004 JUN 18 P 3 54

U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| WILLIE GREEN, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) |
| | ) |
| CAROL MECI, | ) |
| | ) |
| Respondent. | ) |
| | ) |

Civil Action No. 04-10360-JLT

## MEMORANDUM OF LAW IN SUPPORT OF THE RESPONDENT'S MOTION TO DISMISS PETITION FOR A WRIT OF HABEAS CORPUS

In accordance with Rule 11 of the Rules Governing Section 2254 Cases and Rule 12(b)(6) of the Federal Rules of Civil Procedure, the respondent, by and through her counsel, the Attorney General of the Commonwealth of Massachusetts, hereby respectfully submits this memorandum of law in support of her motion to dismiss the petition for a writ of habeas corpus filed by the petitioner, Willie Green. Green failed to properly exhaust his state-court remedies before seeking habeas relief. Specifically, Green never presented Ground Four to the Supreme Judicial Court of Massachusetts. The present petition therefore should be dismissed. Rose v. Lundy, 455 U.S. 509, 522 (1982); 28 U.S.C. § 2254(b)(1).

## Prior Proceedings[1]

On February 23, 1999, Green was convicted of voluntary manslaughter, possession of a firearm without a license, and possession of ammunition without a license. See Commonwealth v. Green, 55 Mass. App. Ct. 376, 377 & n.1, 770 N.E.2d 995, 997 & n. 1 (2002) [Supp. App., Exh. 5]. He received a sentence of seven to ten years for the manslaughter conviction and a concurrent four to five year sentence for possession of a firearm without a license. [Supp. App., Exh. 1 at 6]. The conviction for possession of ammunition without a license was placed on file.

Green – represented by counsel – timely appealed his manslaughter conviction. His lawyer argued, *inter alia*, that the judge improperly refused to give a jury instruction on the defense of another. [Supp. App., Exh. 4]. On July 5, 2002, the Massachusetts Appeals Court affirmed Green's conviction. The court found that the judge should have given the requested instruction, but that the error was not prejudicial. Commonwealth v. Green, 55 Mass. App. Ct. at 380-81, 770 N.E.2d at 999-1000.

Two weeks later, Green's lawyer petitioned the Appeals Court for rehearing. [Supp. App., Exh. 6]. He contended that the Appeals Court had (1) applied the wrong standard of review in evaluating the trial court's instructional error; and (2) misapprehended a "critical" distinction between self defense and the defense of another. [Id. at 1]. Significant to the current

---

[1] The following facts are drawn from the pleadings in the state-court proceedings, including the Massachusetts Appeals Court's judgment affirming Green's conviction. The state court's judgment, as well as the pertinent state-court pleadings, are included in the Commonwealth's Supplemental Appendix ("Supp. App.") filed herewith. In considering this motion, moreover, this Court may review the record in the underlying state-court proceedings. See Watterson v. Page, 987 F.2d 1, 3 (1st Cir. 1993) (on motion to dismiss, court may consider official public records, documents that are incorporated by reference into the complaint and documents that are "central to the plaintiff's claim").

motion, Green's counsel did not argue that the Appeals Court's ruling violated the federal constitution in any way. [Id. at 1-10].

While the petition for rehearing was pending, Green filed an Application for Leave for Further Appellate Review ("ALOFAR") with the Massachusetts Supreme Judicial Court (the "SJC"). [Supp. App., Exh. 10].  Green continued to assert that the Appeals Court (1) should have utilized a different standard of review in evaluating the trial court's instructional error; and (2) failed to recognize a "critical" distinction between self defense and the defense of another. [Id.]  Green did not, however, assert that the Appeals Court's ruling had abridged his constitutional rights.  [Id.].

On April 10, 2003, the Appeals Court denied Green's petition for rehearing but issued a correction to its earlier decision. [Supp. App., Exh. 9].  The SJC therefore allowed Green to file a "Supplement" to his ALOFAR in order to address the Appeals Court correction.  [Supp. App., Exh. 11].  Green's Supplement did not raise a constitutional claim against the Appeals Court. [Supp. App., Exh. 12].  On June 26, 2003, the SJC denied Green's request for further appellate review.  [Supp. App., Exh. 14].  This habeas petition followed.

### The Instant Federal Habeas Petition

Green's habeas petition contains four grounds for relief.  Ground Four alleges that the Appeals Court's ruling (a) constitutes "a continuing violation" of Green's constitutional rights to due process; and (b) abridged Green's right to have the jury, and not the courts, determine his guilt; and (c) offended the state court's Article VI duty to uphold the federal constitution. [Petition at ¶ 12D].  These claims were never presented in state court.  [See Supp. App., Exhs. 10, 12].

## Argument

**A.    Green Was Required to Exhaust His State-Court Remedies Before Filing This Petition.**

It is well settled that "a federal court will not entertain an application for habeas relief unless the petitioner first has fully exhausted his state remedies in respect to each and every claim contained within the application." Adelson v. DiPaola, 131 F.3d 259, 261 (1st Cir. 1997) (citing Rose v. Lundy, 455 U.S. 509, 518-19 (1982)). See also Picard v. Connor, 404 U.S. 270, 276 (1971); 28 U.S.C. § 2254(b)(1)-(2). In addition to ensuring that state courts have the first opportunity to correct their own federal constitutional errors, the exhaustion requirement enables federal courts to accord appropriate respect to the sovereignty of the states and thus promotes comity by "minimiz[ing] friction between our federal and state systems of justice...." Duckworth v. Serrano, 454 U.S. 1, 3 (1981). See also Rose, 455 U.S. at 518 (reiterating importance of exhaustion doctrine); Mele v. Fitchburg District Court, 850 F.2d 817, 819 (1st Cir. 1988) (same).

To satisfy the exhaustion requirement, "the petitioner must have fairly presented the substance of his federal habeas claim" to the state's highest tribunal. Gagne v. Fair, 835 F.2d 6, 7 (1st Cir. 1987). See also Mele, 850 F.2d at 819 (as precondition to bringing a habeas petition, petitioner must first present his federal claims to the state's highest court). Consequently, with respect to Massachusetts state convictions,

> an appealed issue cannot be considered as having been fairly
> presented to the SJC for exhaustion purposes unless the applicant
> has raised it within the four corners of the [Application for Further
> Appellate Review, or] ALOFAR.

Id. at 823. Moreover, *every* claim must have been exhausted. Rose, 455 U.S. at 522. If a petition is "mixed" – that is, contains both exhausted and unexhausted claims – it must be

dismissed.[2] Id.; Adelson, 131 F.3d at 261-62. Finally, a habeas petitioner "bears a heavy burden to show that he fairly and recognizably presented to the state courts the factual and legal bases of [his] federal claim." Id. at 262. Green cannot meet that burden here with respect to Ground Four.

## B.    Green Never Tendered Ground Four to the State Courts.

When Green was before the SJC, his lawyer argued that the Appeals Court's decision was "incorrect," "erroneous," "defective," and "not supported by the law." [See, e.g., Supp. App., Exh. 10 at 2, 18, 22; Supp. App., Exh. 12 at 2, 5. 7]. He did not, however, claim that the decision was unconstitutional. [Id.] In over 46 pages of briefing to the SJC, Green's attorney did not mention Article VI, did not contend that the Appeals Court violated Green's due process rights, and did not otherwise allege that the decision abridged the federal constitution. Simply put, while Green did make *other* constitutional arguments,[3] he never raised the constitutional claims that appear in Ground Four.

---

[2] Prior to enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), failure to exhaust all claims in state court required dismissal of the entire petition. Martens v. Shannon, 836 F.2d 715, 718 (1st Cir. 1988) (quoting Rose, 455 U.S. at 522). Under AEDPA, a court confronted with unexhausted claims may, in its discretion, dismiss the petition as unexhausted, or deny (but not grant) the petition on the merits. See 28 U.S.C. § 2254(b)(1)-(2) ("[a]n application for a writ of habeas corpus may be *denied* on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State") (emphasis added).

The Court may not, however, dismiss Ground Four and proceed to the merits of Green's remaining claims. See, e.g., Martens, 836 F.2d at 718 & n.4 (petition contained one exhausted claim and two unexhausted claims; district court had no discretion to consider merits of petitioner's one unexhausted claim).

[3] Specifically, Green maintained that (a) the failure to instruct on the defense of another was of constitutional dimensions and therefore (b) the Appeals Court should have analyzed the error using the "harmless error" test outlined in Chapman v. California, 386 US. 18 (1967).

Green may argue that he satisfied the exhaustion doctrine because he included the following sentence at the end of one argument in his Supplement:

> Moreover, [the Appeals Court's] conclusion that the [trial court's] error was harmless beyond a reasonable doubt, when there was evidence which could rationally lead to a contrary finding, fundamentally undermined the defendant's right to have the jury determine his guilt.

[Supp. App., Exh. 12 at 17]. Such an argument would have no merit, however. First, it is fundamental that

> the exhaustion requirement requires a habeas applicant to do more than scatter some makeshift needles in the haystack of the state court record. The ground relied upon must be presented face-up and squarely; the federal question must be plainly defined. Oblique references [that] hint that a [federal] theory may be lurking in the woodwork will not turn the exhaustion trick.

Martens, 836 F.2d at 717. In this case, Green repeatedly and consistently argued that the Appeals Court decision was erroneous, "in error," and not supported by the law. The reference to a "jury right" appeared just once, at the end of an argument in his Supplement (not even in the ALOFAR). The statement was not accompanied by any developed argument, any constitutional analysis, or any citation to federal constitutional law. Plainly, therefore, Green's single use of the phrase "jury determination" was insufficient to constitute fair presentment. Id. See also Nadworny v. Fair, 872 F.2d 1093, 1101 (1st Cir. 1989) ("[A]n isolated federal-law bloom in a garden thick with state-law references" does not satisfy exhaustion requirement); Casella v. Clemons, 207 F.3d 18, 20-21 (1st Cir. 2000) (same); Dougan, 727 F.2d at 201 ("opaque labels" such as "fair trial" do not carry the day).[4]

---

[4] Furthermore, Bates was represented by counsel both at the Appeals Court and in the SJC. As a result, the liberal readings given to *pro se* pleadings do not apply here.

Second, Massachusetts recognizes a defendant's right to have a jury determine his guilt or innocence. See Commonwealth v. Brady, 357 Mass. 213, 214, 257 N.E.2d 465, 466 (1970). Consequently, there was no reason for the SJC to interpret the reference to a jury trial as a federal claim. See Baldwin v. Reese, __ U.S. __, 124 S. Ct. 1347, 1351 (2004) (exhaustion requirement not satisfied by invoking a term that is common in both state and federal jurisprudence). Third, even if this fleeting statement *did* exhaust Green's claim that the Appeals Court decision violated his right to have the jury determine his guilt, Ground Four also claims that the Appeals Court's ruling (a) violated Green's constitutional rights to due process; and (b) runs afoul of the state court's Article VI duty to uphold the federal constitution. [Petition at ¶ 12D]. As set forth above, neither the ALOFAR nor the Supplement contain even a whisper of those claims. [See Supp. App., Exhs. 10, 12].

The First Circuit stated in Martens:

> We need not linger long over this matter [of exhaustion]. Neither the second nor the third ground contained in Martens's habeas petition was ever tendered ... to the state courts. The defect is a fatal one . . . .

836 F.2d at 716 (applicant never raised two of his habeas claims in state court; entire petition had to be dismissed).

This Court need not tarry either. Because Green never presented the claims set forth in Grounds Four to the SJC (or even in his petition for rehearing to the Appeals Court), Green clearly failed to exhaust his state remedies. Id. at 718. Green's petition therefore should be dismissed. See Rose, 455 U.S. at 522 (pursuant to the exhaustion doctrine, a "district court must dismiss habeas petitions containing both exhausted and unexhausted claims"); Adelson, 131 F.3d at 261-62 (same).

-7-

## Conclusion

For the foregoing reasons, the respondent respectfully requests that the Court dismiss the petition for writ of habeas corpus.

Respectfully submitted,

Dated: June 18, 2004

THOMAS F. REILLY
ATTORNEY GENERAL

Natalie S. Monroe (BBO# 562383)
Assistant Attorney General
Criminal Bureau
One Ashburton Place
Boston, Massachusetts  02108
(617) 727-2200 ext. 2833

## Certificate of Service

I hereby certify that on June 18, 2004, I caused a copy of the above document to be served by first-class mail, postage prepaid, upon the petitioner's counsel, Philip G. Cormier, Esq., Good & Cormier, 83 Atlantic Avenue, Boston, Massachusetts 02110.

Natalie S. Monroe