UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WILLIE GREEN, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>CAROL MECI, )<br>)<br>Respondent. )<br>) | Civil Action No. 04-10360-JLT |

**RESPONDENT'S OBJECTIONS TO THE**
**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

The respondent, Carol Meci, respectfully submits the following objections to the Magistrate Judge's August 19, 2004 Report and Recommendation (the "R&R").

**PRIOR PROCEEDINGS**[1]

On February 23, 1999, Green was convicted of voluntary manslaughter, possession of a firearm without a license, and possession of ammunition without a license. See Commonwealth v. Green, 55 Mass. App. Ct. 376, 377 & n.1, 770 N.E.2d 995, 997 & n. 1 (2002) [Supp. App., Exh. 5]. He received a sentence of seven to ten years for the manslaughter conviction and a concurrent four to five year sentence for possession of a firearm without a license. [Supp. App., Exh. 1 at 6]. The conviction for possession of ammunition without a license was placed on file.

Green – represented by counsel – timely appealed his manslaughter conviction. His lawyer argued, *inter alia*, that the judge improperly refused to give a jury instruction on the defense of another. [Supp. App., Exh. 4]. On July 5, 2002, the Massachusetts Appeals Court

---

[1] The following facts are drawn from the pleadings in the state-court proceedings, including the Massachusetts Appeals Court's judgment affirming Green's conviction. The state court's judgment, as well as the pertinent state-court pleadings, are included in the respondent's Supplemental Appendix ("Supp. App.") filed at Docket No. 13.

affirmed Green's conviction. The appellate court found that the trial judge should have given the requested instruction, but that the error was not prejudicial. Commonwealth v. Green, 55 Mass. App. Ct. at 380-81, 770 N.E.2d at 999-1000.

Two weeks later, Green's lawyer petitioned the Appeals Court for rehearing. [Supp. App., Exh. 6]. He contended that the Appeals Court had (1) applied the wrong standard of review in evaluating the trial court's instructional error; and (2) misapprehended a "critical" distinction between self defense and the defense of another. [Id. at 1]. Significant to the current motion, Green's counsel did not argue that the Appeals Court's ruling violated the federal constitution in any way. [Id. at 1-10].

While the petition for rehearing was pending, Green filed an Application for Leave for Further Appellate Review (an "ALOFAR") with the Massachusetts Supreme Judicial Court (the "SJC"). [Supp. App., Exh. 10]. Green continued to assert that the Appeals Court (1) should have utilized a different standard of review in evaluating the trial court's instructional error; and (2) failed to recognize a "critical" distinction between self defense and the defense of another. [Id.] As part of his ALOFAR, Green also argued that the trial judge's refusal to give the requested instruction violated the Due Process Clause. [Id.] Green did not, however, assert that the Appeals Court's ruling had abridged his constitutional rights. [Id.] For instance, Green did not charge (as he now does) that the Appeals Court's actions constituted a "continuing" due process violation, or that its ruling was an affront to Article VI of the Constitution. [Id.]

On April 10, 2003, the Appeals Court denied Green's petition for rehearing but issued a correction to its earlier decision. [Supp. App., Exh. 9]. The SJC therefore allowed Green to file a "Supplement" to his ALOFAR in order to address the Appeals Court correction. [Supp. App.,

Exh. 11]. Again, Green's Supplement did not raise a constitutional claim against the Appeals Court. [Supp. App., Exh. 12].

On June 26, 2003, the SJC denied Green's request for further appellate review. [Supp. App., Exh. 14]. This habeas petition followed.

## THE INSTANT HABEAS PETITION

Green's habeas petition contains four grounds for relief. The first three relate to the trial judge's refusal to instruct on the defense of another. Specifically, Green contends that the trial judge's refusal to give the instruction (1) deprived Green of his due process right to present a defense (namely, the defense of another); (2) relieved the Commonwealth of its duty to prove every element of the crime beyond a reasonable doubt; and (3) infringed upon Green's right to have a jury determine his guilt. [See Petition at ¶¶ 12A-C].

Ground Four shifts its focus to the Appeals Court. Specifically, Green alleges in Ground Four that the Appeals Court's decision to uphold his conviction (a) constitutes "a continuing violation" of due process; (b) abridged his right to have the jury, and not the courts, determine his guilt; and (c) offended the state court's Article VI duty to uphold the federal constitution. [Petition at ¶ 12D]. As set forth above, the claims in Ground Four were never presented in state court. [See Supp. App., Exhs. 10, 12].

**OBJECTIONS**

**Objection No. 1:**   **Ground Four Is Unexhausted.**

The respondent respectfully objects to the Magistrate Judge's conclusion that Green properly exhausted Ground Four of his petition for a writ of habeas corpus. For the reasons set forth in the Memorandum of Law in Support of the Respondent's Motion to Dismiss the Petition for a Writ of Habeas Corpus (Dkt. No. 12), the Court should conclude that Ground Four is unexhausted.

**Objection No. 2:**   **The R&R Incorrectly Relies on Constitutional Claims Made Against the Trial Court.**

The Magistrate Judge reasoned that Ground Four was exhausted because Green's ALOFAR cites to the Sixth and Fourteenth Amendments, refers to his due process rights, and cites to due process cases. [See R&R at 12]. While this is true, those citations and references all appear in support of Green's argument that the trial court violated the Constitution. [See, e.g., Supp. App., Exh. 10 at 18-26; id., Exh. 12 at 4-17]. The following quotes from Green's ALOFAR are illustrative:

> The refusal to instruct on defense of another clearly violated the defendants's Federal and State constitutional rights.
> ***
> The failure to instruct on defense of another also violated the defendant's state and federal constitutional rights to present a defense....

[Id., Exh. 10 at 19, 20].

By contrast, Green's ALOFAR argued that the Appeals Court applied the wrong standard of review, and that its decision was erroneous, flawed, inconsistent with the evidence, speculative and "simply not correct." [See, e.g., Supp. App., Exh. 10 at 3, 18, 21, 22, 24; id., Exh. 12 at 7, 8, 10, 12, 16, 17]. Green did not argue to the SJC – as he now does in Ground Four

– that the Appeals Court abridged his constitutional rights. [Id.] Nor did he contend – as he does now – that the Appeals Court violated Article VI of the Constitution. [Id.]

To prove that an appellate court should have applied a constitutional standard of review, a prisoner must demonstrate that the underlying trial error was of constitutional dimension. That is precisely what Green did here, *i.e.*, he tried to show that the trial court's instructional error offended the Constitution. [See Supp. App., Exhs. 10, 12]. It is one thing, however, to argue that the trial court violated a prisoner's constitutional rights. It is quite another to argue that an adverse ruling on appeal also offends the Constitution. While Green did make the former argument, he never presented the latter theory to the SJC. Consequently, the Magistrate Judge incorrectly relied on the arguments concerning the trial court to find a constitutional claim against the Appeals Court.

It is well settled that the exhaustion requirement is not met if a petitioner "presents new legal theories ... in federal court that transform his claim or cast it in a significantly different light." Domaingue v. Butterworth, 641 F.2d 8, 12 (1st Cir. 1981). See also Carillo v. Brown, 807 F.2d 1094, 1099 (1st Cir. 1986) (accord). In such a case, the petition must be dismissed as unexhausted. Domaingue, 641 F.2d at 12-13; Turner v. Fair, 617 F.2d 7, 11 (1st Cir. 1980). That is precisely what Green did in this case. When he was before the SJC, Green simply argued that the Appeals Court applied the wrong standard of review. In Ground Four, he now contends that the Appeals Court (a) violated his constitutional rights to due process; (b) abridged his right to have the jury decide his guilt; and (c) offended the appellate court's Article VI duty to uphold the federal constitution. Plainly, Ground Four was never presented to the SJC. The Magistrate Judge's contrary conclusion was in error.

**Objection No. 3:**   **A Prisoner Does Not Raise a Constitutional Claim When He Charges That a Court "Misapplied" the Law.**

The Magistrate Judge also concluded that Ground Four was exhausted because Green's Supplement to the SJC "assert[ed] that the Appeals Court misapplied" the harmless error standard in Chapman v. California, 386 U.S. 18 (1967) and quoted Neder v. United States, 527 U.S. 1 (1999). [See R&R at 12]. This reasoning is incorrect.

To begin, a prisoner does not does not raise a constitutional claim when he complains that an appeals court "misapplied" the law. Put another way, alleging that an appellate court "misapplied" Chapman would not alert a reasonable jurist to alleged claims that the appeals court (a) abridged the Due Process Clause; (b) violated the right to have the jury determine the prisoner's guilt; and (c) offended Article VI. [See Petition at ¶ 12D]. Indeed, if it were sufficient for a prisoner to allege that an appeals court "erred" or "misapplied" the law, then *every* appeals court decision would have to be reviewed for due process and Article VI violations. That clearly is not the case.

Nor could Green's citation to Chapman and Neder have alerted the SJC to the claims in Ground Four. In Chapman, the Supreme Court announced the "harmless error" test that is applied to most constitutional errors committed during a criminal trial. 386 U.S. at 22-24. Neder held that when a trial court omits an element of the crime from the jury instructions, the judge's mistake is to be reviewed for harmless error. 527 U.S. at 8-16. Neither Chapman nor Neder addressed whether an appellate court's "misapplication" of the harmless error test could violate the Due Process Clause or Article VI. Id.; 386 U.S. at 22-24. Thus, it was error for the R&R to rely on Chapman and Neder as a basis for concluding that Ground Four was exhausted. [See R&R at 12-13].

**Objection No. 4:**    **The Massachusetts Appeals Court Did Not Find Any Constitutional Error.**

The respondent objects to the statement in the R&R that "the Appeals Court concluded that the trial court committed federal constitutional error in declining to give [a] defense-of-another instruction." [See R&R at 11]. The Appeals Court reached no such conclusion. [See Supp. App., Exh. 5 at 4-8 (finding error, but not finding a constitutional violation)]. This fact is made even clearer by the Appeals Court's order denying Green's petition for rehearing. In its order, the Appeals Court modified its earlier decision by, *inter alia*, adding the following footnote:

> Even considering the trial judge's failure to instruct on defense of another to be error of constitutional dimension, in these circumstances we determine that the Commonwealth proved that the error was harmless beyond a reasonable doubt and "did not contribute to the verdict obtained." Chapman v. California, 386 U.S. 18, 24 (1967). See also Commonwealth v. Vinnie, 428 Mass. 161, 163 (1998).

[Supp. App., Exh. 9 at 2 n.1]. This makes it clear that the Appeals Court did *not* find a constitutional error. Rather, the court held that that *even assuming* there was a due process violation, the error was harmless beyond a reasonable doubt. [Id.] See also Donnelly v. DeChristoforo, 416 U.S. 637, 642-43 (1974) (not every trial error rises to the level of a due process violation).

**Objection No. 5:**    **The R&R Misstates Ground Four of the Petition.**

The respondent objects to the second paragraph of page 10 of the R&R, which purports to explain the "crux" of Ground Four. [See R&R at 10]. There is no such detailed explanation of Ground Four in Green's Petition. [See Petition at ¶ 12D].

The respondent also notes that if the R&R's explanation of Ground Four is accurate, then

it further highlights the fact that Ground Four was never presented to the SJC. That is, the arguments that appear in the second paragraph of page 10 of the R&R are absolutely absent from Green's filings with the SJC. [See Supp. App., Exhs. 10, 12].

## Conclusion

For the reasons set forth above and in the Memorandum of Law in Support of the Respondent's Motion to Dismiss the Petition for a Writ of Habeas Corpus (Dkt. No. 12), the Court should conclude that Ground Four of the petition is unexhausted.

Respectfully submitted,

THOMAS F. REILLY
ATTORNEY GENERAL

/s/ Natalie S. Monroe
Natalie S. Monroe (BBO #562383)
Assistant Attorney General
Criminal Bureau
One Ashburton Place
Boston, MA 02108
Dated: September 9, 2004                    (617) 727-2200, ext. 2833