UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WILLIE GREEN, )<br>             Petitioner, )<br>                          )<br>     v.                     )<br>                          )<br>CAROL MECI, )<br>             Respondent. ) | **Civil Action No. 04-10360-JLT** |

**PETITIONER WILLIE GREEN'S RESPONSE
TO RESPONDENT MECI'S OBJECTIONS TO
THE MAGISTRATE JUDGE'S RECOMMENDATION
THAT THE COURT DENY RESPONDENT'S MOTION
TO DISMISS COUNT FOUR OF MR. GREEN'S PETITION**

This Court should accept in its entirety the Magistrate Judge's Findings and Recommendations ["F&R"], dated August 19, 2004, in which the Magistrate Judge recommended that the Court deny Respondent's Motion to Dismiss Count Four of the Petition. Respondent's Objections to the F&R ["Resp. Object."] do nothing to shake the conclusion that Petitioner Willie Green properly exhausted Ground Four in the state courts. This Court should allow no further delay in adjudicating the merits of Mr. Green's petition.

While each of the Respondent's objections are addressed in turn below, it should be noted at the outset that the Respondent's introductory description of the "prior proceedings" in the state courts (Resp. Object at 1-2) is inaccurate; namely Respondent's repeated and overarching assertion that "Green's counsel did not argue that the Appeals Court's ruling violated the federal constitution in any way." Resp. Object at 2; *see also id.,* at 3.   This assertion is baseless.  As found by the Magistrate Judge, Mr. Green's pleadings filed with the Supreme Judicial Court of Massachusetts ("SJC") "<u>were more than sufficient to apprise the SJC of the</u>

<u>federal nature of his claims</u>." F&R at 12-13 (emphasis supplied).  For the reasons expressed below, for the reasons expressed in Mr. Green's Opposition to Respondent's Motion to Dismiss that was filed with the Magistrate Judge below (hereafter "Green Opp. to Dism," attached hereto as Exhibit A), and for the reasons expressed in the Magistrate Judge's F&R, this Court should find that Mr. Green fully exhausted Count Four in the state courts and deny the Respondent's motion to dismiss.

**Mr. Green's Response to Objection No. 1:**

Respondent objects generally to the Magistrate Judge's conclusion that Mr. Green properly exhausted Ground Four of his petition.  This Court should accept the Magistrate Judge's conclusion for the reasons set forth in Mr. Green's Opp. to Dismss (Ex. A), and in the F&R itself, as well as for the reasons set forth below.

**Mr. Green's Response to Objection No. 2:**

Respondent asserts that the Magistrate Judge confused Mr. Green's arguments about trial error for an argument about appellate error.  In support of this objection, respondent recycles her already rejected argument and re-asserts it in conclusory fashion: "Plainly, Ground Four was never presented to the SJC[,] [t]he Magistrate Judge's contrary conclusion was in error." Resp. Object at 5.

There is no confusion.  The Magistrate Judge correctly concluded that Mr. Green exhausted Ground Four.  Her conclusion followed from the fact that Mr. Green "expressly cite[d] the Sixth and Fourteenth Amemendents," (F&R at 12), "refer[red] to due process doctrines guaranteed by the United States Constitution and relie[d] on Supreme Court cases to support his position that his constitutional rights were violated[,]" i*d.,* and presented the SJC with a "detailed argument that the Appeals Court's erroneous *Chapman* analysis violated his federal rights to

have a jury decide his guilt." *Id.,* at 12-13. The state court record is clear. *See* Green Opp. to Dismiss (Ex. A) at 2-10.

(1) Mr. Green presented the substance of Ground Four of his Petition (his *Chapman-Neder* claim) to the Appeals Court, (R. 1007, 1010-1015),[1] he presented it to the Massachusetts Supreme Judicial Court ("SJC") in his Application for Further Appellate Review ("ALOFAR"), (R.1060-1064 & 1066-1067), and he presented it again to the SJC in his Supplement in Support of His Application for Further Appellate Review ("Supplement to ALOFAR"). R. 1083-1099.

(2) The *Chapman-Neder* standard is constitutionally compelled and is clearly established federal law that is binding on state courts. *See* Green Opp. to Dismiss (Ex. A) at 9-10. Respondent ignores this point of law, which is reflected in the text of *Chapman* decision itself, where the Supreme Court held: (1) a constitutional error may, "<u>consistent with the Constitution</u>, be deemed harmless," *id.,* 386 U.S. at 22 (emphasis supplied), only if the State can "prove beyond a reasonable doubt that the error complained of did not contribute to the verdict obtained," i*d*. at 24, and (2) this standard is binding on the states as a matter of federal law:

> Whether a conviction for a crime should stand when a State has failed to accord federal constitutional rights is every bit as much of a federal question as what particular federal constitutional provisions themselves mean, what they guarantee, and whether they have been denied. With faithfulness to the constitutional union of the States, we cannot leave to the States the formulation of authoritative laws, rules and remedies designed to protect people from infractions by the States of federally guaranteed rights.

*Chapman*, 386 U.S. at 21. *See also, Mitchell v. Esparza*, ___U.S.___, 124 S.Ct. 7 (2003) (per curiam) (holding that *Chapman-Neder* standard is clearly established federal law and reviewing in a § 2254 *habeas* proceeding the Ohio State Supreme Court's conclusion that error was harmless).

---

[1] Petitioner Green's Record Appendix on file with the Court is referred to and cited herein as "R [page number]."

(3) Aside from the fact that the *Chapman* standard itself is constitutionally compelled and binding on the state courts, the Appeals Court's erroneous application of *Chapman-Neder* cannot be divorced from the underlying constitutional violations as the Respondent seems to suggest. Indeed, but for the underlying federal constitutional violations, the *Chapman* standard would not be applicable.[2] Hence, where the gravamen of Mr. Green's arguments was that the Appeals Court's erroneous application of the *Chapman-Neder* standard improperly deprived him of a remedy for the underlying federal constitutional violations committed in the first instance by the trial court, the SJC was clearly placed on notice of the federal constitutional bases undergirding Ground Four.

(4) Finally, as held by the Magistrate Judge, Mr. Green asserted in his Supplement to his ALOFAR filed with the SJC that the Appeals Court's erroneous application of the *Chapman* harmless error standard was a violation of his federal jury trial rights to have the jury and not the appellate courts decide his guilt. *See* R. 1090-1099 & n.7. In response to the Appeals Court's July 5, 2002 decision in which it inserted the footnote stating that the error was not harmless under the *Chapman* standard, Mr. Green asserted that the Appeals Court had, per *Neder*, misapplied *Chapman*: "Here, the Appeals Court erred by failing to undertake the proper mode of analysis under *Chapman*[.]" R.1090. "[U]nder the mode of analysis prescribed by *Neder*, the Appeals

---

[2] Mr. Green argued to the Appeals Court and the SJC that the trial court's refusal to instruct on defense of another resulted in three independent violations of his federal constitutional rights: (1) his federal due process rights to present a defense, (2) the federal due process requirement that the Commonwealth prove his guilt beyond a reasonable doubt, and (3) his due process and Sixth Amendment right to have a jury determine whether he was guilty of every element of the charged offense. *See* SJC ALOFAR at R.1061-1062 & Supplement to ALOFAR at R. 1088-1089.

Court erred in concluding that the underlying instructional omission was harmless beyond a reasonable doubt." R.1092. Mr. Green quoted *Neder* at length for the proposition that, consistent with the Sixth Amendment "jury guarantee[,] …where the defendant contested the omitted element and raised evidence sufficient to support a contrary finding – [a reviewing court] should not find the error harmless." R.1091 (quoting *Neder* at 19). Mr. Green then fleshed out the claim and put the meat on the bones by specifying the myriad ways in which the Appeals Court, in conducting its *Chapman* analysis, had usurped the jury's fact-finding determinations in this case. *See* Green Opp. to Dismiss (Ex. A) at 7 (citing to state court record). Mr. Green then concluded this argument to the SJC by repeating his assertion that the Appeals Court had "fundamentally undermined [his] right to have the jury determine his guilt," R.1098-1099, and in a footnote immediately after this sentence, he quoted directly from the language in *Neder* that contained the reasoning underpinning his federal jury trial rights argument. R. 1099, n.7. Indeed, the only "jury guarantee" at issue in *Neder* was the federal Sixth Amendment jury trial right; a fact that the Respondent cannot and does not dispute.

     In these circumstances, there is no question that Mr. Green presented the SJC with the federal constitutional bases for Ground Four of his petition. "[A] prototypical (reasonable) jurist" reading the submissions to the SJC and the federal cases cited therein could not have understood otherwise.

**Mr. Green's Response to Objection No. 3:**

     Respondent claims the Magistrate Judge found that Mr. Green exhausted Ground Four because [and *only* because] "Green's Supplement to the SJC 'assert[ed] that the Appeals Court

misapplied' the harmless error standard in [*Chapman*]." Resp. Object at 6 (quoting F&R at 12). Respondent argues that this phrase, standing alone, would be insufficient to support the Magistrate Judge's ultimate conclusion.

But that phrase does not stand alone. It comprises six words of one sentence of one paragraph of one page of a 13-page F&R. The F&R, read in its entirety, fully supports its conclusion that Green exhausted Ground Four. Indeed, the sentence following the sentence containing respondent's isolated phrase reads: "The petitioner also quoted *Neder* at length for the proposition that, consistent with the Sixth Amendment, where a defendant contested the omitted element and raised evidence sufficient to support a contrary finding, a reviewing court should not find the error harmless." F&R at 12 (emphasis supplied). And the paragraph following the paragraph containing Respondent's isolated phrase explains the multiple reasons – going far beyond respondent's isolated phrase – why Mr. Green exhausted Ground Four.

**Mr. Green's Response to Objection No. 4:**

Respondent objects to "the statement in the F&R that 'the Appeals Court concluded that the trial court committed federal constitutional error in declining to give [a] defense-of-another instruction[,]'" Resp. Object at 7 (quoting F&R at 11), and argues that the Appeals Court did not conclude that the refusal to instruct on defense of another violated Mr. Green's federal constitutional due process rights that required the state to disprove the defense beyond a reasonable doubt.   This objection should be rejected.

The Appeals Court correctly concluded that "[w]hen either self-defense or defense of another has been sufficiently raised by the evidence, the defendant is entitled to an instruction that places on the Commonwealth the burden of disproving the particular defense beyond a reasonable doubt." *Commonwealth v. Green*, 55 Mass. App. Ct. 376, 379 (Mass. App. Ct. 2002)

(emphasis supplied).  In support that that conclusion, the Appeals Court cited directly to the following pages of the Supreme Judicial Court's decisions in *Commonwealth v. Rodriguez*, 370 Mass. 684, 687-688 (1976) and *Commonwealth v. Maguire*, 375 Mass. 768, 772 (1978).  In *Rodriguez* the SJC followed and relied on *In re Winship*, 397 U.S. 358 (1976) and *Mullaney v. Wilbur*, 421 U.S. 684, 704 (1975) to hold that "when the issue of self-defense is properly before the trier of fact, the Commonwealth must, as [a] matter of [Fourteenth Amendment] due process, prove beyond a reasonable doubt that the defendant did not act in self-defense."  *Rodriguez* at 687-88.  Similarly, *Maguire* restated the *Rodriguez* rule, also citing *Mullaney*.  Hence, there is no question that the Appeals Court recognized that the instructional error at hand violated Mr. Green's federal due process rights, and that the trial court committed federal constitutional error in declining to give the defense-of-another instruction.  The Magistrate Judge's characterization of the Appeals Court's July 5, 2002 opinion as finding federal constitutional error is accurate.[3]

**Mr. Green's Response to Objection No. 5:**

Respondent objects that the Magistrate Judge described in the F&R Ground Four in greater detail than did Green in his habeas petition or ALOFAR.  The Magistrate Judge

---

[3] Further undermining the Respondent's argument is the fact that the Commonwealth has taken contrary positions on this point.  In its very first appellate brief filed in the Massachusetts Appeals Court below, the Commonwealth itself urged the Appeals Court to apply *Chapman's* harmless beyond a reasonable doubt standard to the underlying error, presumably because the Commonwealth recognized that the error was federal constitutional error.  *See* R. 953 (Commonwealth's Brief filed in the Massachusetts Appeals Court at p. 18, arguing for the application of, and citing to, *Neder v. United States,* 119 S.Ct. 1827, 1833-37 (1999) and *Commonwealth v. Medina*, 430 Mass. 800, 802-803 (2000) (citing *inter alia Chapman v. California,* 386 U.S. 18, 23 (1967) and its application to federal constitutional errors).  Only later, in its letter opposing Mr. Green's petition for rehearing filed in the Appeals Court, did the Commonwealth retreat from and abandon this position to align itself with the Appeals Court's first opinion in which the Court analyzed the error under the "non-prejudicial" standard that the Massachusetts courts apply to non-constitutional errors.  R.1030.

accurately and fairly described Ground Four as Green presented it to the SJC and in his habeas petition.  Any reasonable reading of the documents involved reveals the frailty of this objection.

## Conclusion

For the foregoing reasons this Court should accept and adopt the Findings and Recommendations of the Magistrate Judge in their entirety, and deny Respondent's motion to dismiss Count Four.

DATED: September 15, 2004

        Respectfully submitted,

        /s/Philip G. Cormier_____
        Philip G. Cormier
        BBO#554515

        /s/Matthew P. Zisow_____
        Matthew P. Zisow
        BBO#658726

        Good & Cormier
        83 Atlantic Avenue
        Boston, MA 02110
        Tel. 617-523-5933
        Fax. 617-523-7554

        *Counsel for Willie Green*

### CERTIFICATE OF SERVICE

I hereby certify that on September 15, 2004, I caused a copy of the above document to be served by first class mail, postage pre-paid, to Assistant Attorney General Natalie Monroe, Office of the Attorney General, One Ashburton Place, Boston, MA 02108-1598.

        /s/Philip G. Cormier_____
        Philip G. Cormier

G:\CLIENTS\Green\Federal Habeas\response to objections final.doc